Nathan S. Dorius (8977)
Andrew V. Collins (11544)
MITCHELL BARLOW & MANSFIELD, P.C.
The Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone:  (801) 998-8888
Facsimile:  (801) 998-8077
Email:
        ndorius@mbmlawyers.com
        acollins@mbmlawyers.com


*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \*

| | |
|---|---|
| KEX DISTRIBUTION, LLC, a Utah limited liability company, | |
| | **COMPLAINT** |
| Plaintiff, | |
| | |
| vs. | Civil No.:   2:20-cv-00874-JCB |
| | |
| THE HANOVER INSURANCE COMPANY, a New Hampshire Corporation; and CSDZ, LLC, an Iowa limited liability company doing business as COBB STRECKER DUNPHY & ZIMMERMAN INC., | Judge:   Jared C. Bennett |
| | |
| Defendants. | |

\* \* \* \* \* \* \*

Plaintiff Kex Distribution, LLC ("Plaintiff"), hereby complains against The Hanover Insurance Company ("Hanover") and CSDZ, LLC ("CSDZ" and together with Hanover, collectively, "Defendants"), and for causes of action alleges as follows:

## NATURE OF ACTION

This is a diversity action seeking damages against Defendants in connection with the breach of a contract for commercial property insurance.

## DESCRIPTION OF THE PARTIES

1.      Plaintiff is a Utah limited liability company with its principal offices in the State of Utah, and is therefore a citizen of the State of Utah.

2.      Upon information and belief, Hanover is a New Hampshire limited liability company registered to do business in and with its principal offices in the State of New Hampshire, and is therefore a citizen of the State of New Hampshire.

3.       Upon information and belief, CSDZ is an Iowa limited liability company with its principal offices in the State of Iowa, and is therefore a citizen of the State of Iowa.

## JURISDICTION AND VENUE

4.      Plaintiff conducts its business in Utah and entered into the underlying transaction(s) at issue in this litigation in the State of Utah.

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is among citizens of different states.

2

6.     This Court has personal jurisdiction over the Defendants inasmuch as they regularly conduct business in the State of Utah, maintain offices throughout the State of Utah, and/or are registered to do business with the State of Utah.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8.     Plaintiff is a company operating a regional transportation business, providing transportation services for such vendors as Walmart and Cardinal Health in Utah and Colorado.

9.     Prior to 2018, Plaintiff had insured its trucks, drivers and cargo being shipped under two separate insurance policies, one through Hanover and the other through EMC.

10.    The insurance policies through EMC included motor truck cargo coverage, which insured the value of the property being transported by Plaintiff's vehicles up to $300,000 (the "Prior EMC Policies").

11.    The insurance policies through Hanover included motor truck cargo coverage, which insured the value of the property being transported by Plaintiff's vehicles up to $1,250,000 (the "Prior Hanover Policies").

12.    The Prior Hanover Policies insured dry goods being transported by two particular vehicles of Plaintiff for Walmart.

13.    The Prior EMC Policies insured property being transported by Plaintiff for its non-Walmart vendors/customers, including Cardinal Health.

14. CSDZ had been Plaintiff's insurance broker for several years and understood Plaintiff's business and insurance needs.

15. CSDZ was Plaintiff's insurance broker for the Prior EMC Policies and the Prior Hanover Policies.

16. At all relevant times, CSDZ, as insurance agent, was the agent of Hanover, as principal.

17. In 2017, EMC informed Plaintiff that it no longer wished to provide the $300,000 motor truck cargo insurance.

18. When it came time for Plaintiff to renew its insurance policies for the period covering November 2018 through November 2019, Plaintiff discussed this change with CSDZ representative Ron Sexton, who represented to Plaintiff that Hanover would add the EMC motor truck cargo coverage to its 2018-2019 policy with Plaintiff (the "Policy").

19. The proposal prepared by CSDZ (the "Proposal") did not limit the motor truck cargo coverage to just the two vehicles transporting dry goods for Walmart. A true and correct copy of the Proposal is attached hereto as Exhibit A.

20. Plaintiff approved the coverage set forth in the Proposal and paid the required premiums.

21. The Policy (on accompanying form IM7902) names Cardinal Health as an additional insured and a loss payee under the Policy. A true and correct copy of the Policy is attached hereto as Exhibit B.

4

22.     On April 29, 2019, one of Plaintiff's trucks transporting pharmaceutical goods for vendor Cardinal Health was robbed (the "Incident").

23.     Plaintiff reported the Incident to local police and promptly filed a claim (the "Claim") under the Policy for the loss sustained from the theft of the pharmaceutical goods.

24.     On July 10, 2019, Hanover wrote to Plaintiff notifying it that Hanover had denied the Claim (the "Denial Letter"). A true and correct copy of the Denial Letter is attached hereto as Exhibit C.

25.     The Denial Letter stated that motor truck cargo coverage under the Policy was limited to only those vehicles specifically described on the Vehicle Schedule, and that the Policy only listed two vehicles on the Vehicle Schedule, neither of which was the vehicle involved in the Incident.

26.     The Denial Letter was the first time Plaintiff had been informed that the Policy was limited to the two vehicles transporting Walmart dry goods and did not include the other vehicles operated by Plaintiff to transport property for its other vendors/customers.

27.     Plaintiff had a number of communications with Hanover to attempt to resolve the dispute, and on February 27, 2020 Plaintiff sent a letter to Hanover with additional information and requesting reconsideration of the Claim (the "Response Letter"). A true and correct copy of the Response Letter is attached hereto as Exhibit D.

28.     On April 15, 2020, Hanover sent a letter to Plaintiff in response to the Response Letter, once again denying the Claim (the "Second Denial Letter"). A true and correct copy of the Second Denial Letter is attached hereto as Exhibit E.

29.     On May 26, 2020, Plaintiff sent a final letter to Hanover to point out the communications between Plaintiff and Hanover's agent pertaining to what coverage would be included in the Policy. The letter made a final demand for reconsideration of the Claim. A true and correct copy of the letter is attached hereto as Exhibit F.

30.     To date, Hanover has not responded to the May 2020 letter from Plaintiff.

31.     As a direct and proximate result of Hanover's denial of the Claim, Plaintiff has been damages and continues to suffer damages in an amount to be proven at trial.

32.     Upon information and belief, Hanover knew at all relevant times that Plaintiff was relying upon the coverage extended under the Prior EMC Policies being included in the Policy.

33.     Upon information and belief, Hanover knew at all relevant times that Plaintiff was relying upon the representations of CSDZ that all of Plaintiff's vehicles would be covered under the motor truck cargo coverage of the Policy.

34.     Hanover and Plaintiff both intended for the Policy to include the coverage extended under the Prior EMC Policies.

35.     Hanover represented to Plaintiff, through its CSDZ, that the Policy would include the coverage extended under the Prior EMC Policies.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract)

36.     Plaintiff realleges and incorporates the allegations set forth above as though fully set forth herein.

37.     The Policy constitutes a valid and enforceable contract whereby Hanover insured its named insured(s) in the Policy against, among other things, any loss of or damage to property being transported by the insured's vehicles.

38.     Plaintiff and Hanover agreed to include motor truck cargo coverage for all of Plaintiff's vehicles, including without limitation the vehicle and cargo involved in the Incident, under the Policy.

39.     Therefore, the motor truck cargo coverage extended under the Prior EMC Policies formed part of the Policy.

40.     Plaintiff has fully performed its obligations under the Policy by, among other things, providing all necessary information to Hanover, paying all required insurance premiums, and timely notifying Hanover of the Claim.

41.     Hanover, on the other hand, has materially breached the Policy by, among other things, failing to compensate Plaintiff for its loss and/or damages sustained in connection with the Incident in accordance with the Policy.

42.     Pursuant to the Policy, Hanover has an affirmative obligation to resolve the Claim without unreasonable delay.

7

43.     Hanover rejected the Claim and denied Plaintiff coverage in relation to the Incident contrary to the agreed-upon coverage under the Policy.

44.     As a direct and proximate result of Hanover's material breach of the Policy as described above, Plaintiff has incurred, and continues to incur, significant damages.

45.     Plaintiff is therefore entitled to judgment against Hanover as set forth below in paragraph A of the Prayer for Relief.

## SECOND CLAIM FOR RELIEF
### (Bad Faith)

46.     Plaintiff realleges and incorporates the allegations set forth above as though fully set forth herein.

47.     As alleged above, Hanover breached the Policy by not compensating Plaintiff for damages arising from the Incident despite agreeing to include such coverage in the Policy.

48.     As alleged herein above, Plaintiff provided supplemental information and two requests to reconsider the denial of the Claim to Hanover on or about February 27, 2020, on April 15, 2020, and on May [26], 2020. Hanover continues to deny the Claim without giving due consideration to the additional facts and documentation provided by Plaintiff to Hanover.

49.     By denying the Claim contrary to the parties' agreement and, furthermore, refusing to give serious consideration to Plaintiff's requests for reconsideration of the Claim, Hanover has acted in bad faith.

50.     Hanover's unreasonable delay and refusal to properly reconsider the Claim submitted more than months ago constitutes another bad faith denial of the Claim.

51.     With full knowledge of Plaintiff's losses attributable to the Incident, Hanover has refused to take the steps necessary to compensate Plaintiff for its loss and/or damages in a timely manner, and it has done so in bad faith.

52.     By asserting as its basis for denying the Claim the exclusion of all Plaintiff's vehicles other than the two transporting goods for Walmart contrary to its agreement to extend such coverage under the Policy, Hanover has acted in bad faith.

53.     As a direct and proximate result of Hanover's bad faith actions as described above, Plaintiff has incurred, and continues to incur, significant damages.

54.     Plaintiff is therefore entitled to judgment against Hanover as set forth below in paragraph B of the Prayer for Relief.

### THIRD CLAIM FOR RELIEF
(Breach of Good Faith and Fair Dealing)

55.     Plaintiff realleges and incorporates the allegations set forth above as though fully set forth herein.

56.     The Policy, including the parties' agreement to include within the Policy the coverage extended under the Prior EMC Policies, constitutes a valid and enforceable contract between Hanover and Plaintiff.

57.     An implied covenant of good faith and fair dealing exists in the Policy and in Hanover's contractual obligations to Plaintiff according to their agreement on coverage.

58.     Hanover breached the implied covenant of good faith and fair dealing when it denied the Claim and when it failed, in a timely manner, to give reasonable consideration to Plaintiff's supplemental information and requests to reconsider the Claim.

59.     As a direct and proximate result of Hanover's breach of the implied covenant of good faith and fair dealing as described above, Plaintiff has incurred, and continues to incur, significant damages.

60.     Plaintiff is therefore entitled to judgment against Hanover as set forth below in paragraph C of the Prayer for Relief.

## FOURTH CLAIM FOR RELIEF
(Reformation of Policy)

61.     Plaintiff realleges and incorporates the allegations set forth above as though fully set forth herein.

62.      Both Plaintiff and Hanover, according to their communications through CSDZ and as reflected in the Proposal, intended for the coverage extended under the Prior EMC Policies to be included in the Policy.

63.     By mutual mistake, the coverage of the Prior EMC Policies was not included in the Policy and, in fact, was excluded under the Policy, contrary to the parties' intention.

64.     Alternatively, Plaintiff operated under the mistaken belief that the coverage of the Prior EMC Policies was included in the Policy, and either (i) such mistaken belief was induced by Hanover when it provided the Proposal including the Prior EMC Policies' coverage or (ii)

such mistaken belief was known by Hanover at the time it issued the final Policy and Hanover

has conceded such knowledge.

65.     Due to the mutual or, alternatively, unilateral mistake, the final Policy failed to

include the Prior EMC Policies' coverage as agreed upon by Plaintiff and Hanover, and the

Policy should be reformed to include the coverage extended under the Prior EMC Policies.

66.     Plaintiff is therefore entitled to judgment as set forth below in paragraph D of the

Prayer for Relief.

**FIFTH CLAIM FOR RELIEF**
(Negligent Misrepresentation)

67.     Plaintiff realleges and incorporates the allegations set forth above as though fully

set forth herein.

68.     The Proposal and other communications about the Policy between Plaintiff,

CSDZ, and Hanover (through its agent, CSDZ) contain statements and representations

concerning the motor truck cargo coverage to be included in the Policy.

69.     CSDZ had personal knowledge of Plaintiff's insurance needs and historical

coverage, and CSDZ and Hanover (through its agent, CSDZ) represented to Plaintiff that it

would procure a renewal policy from Hanover which included the Prior EMC Policies' coverage.

70.     Such statements and representations by CSDZ and Hanover (through its agent,

CSDZ) were made for the benefit of Plaintiff.

11

71.    CSDZ was at all times relevant hereto the agent of Hanover and, as such, Plaintiff relied upon CSDZ and Hanover (through its agent, CSDZ) and their representations and statements concerning the proposed coverage in the Policy.

72.    CSDZ and Hanover (through its agent, CSDZ) represented in the Proposal and other communications with Plaintiff that the Policy would include all of the motor truck cargo coverage previously provided under the Prior EMC Policies (the representations described in paragraphs 66, 67, 69 and 70 herein shall be referred to hereinafter as the "Representations").

73.    The Representations were material to Plaintiff's decision to make pursue the renewal Policy with Hanover and not seek to obtain the Prior EMC Policies' coverage through another insurer.

74.    At the time CSDZ and Hanover (through its agent, CSDZ) made the Representations, the Representations were false inasmuch as Hanover was not including the Prior EMC Policies' coverage in the renewal Policy.

75.    Therefore, CSDZ and Hanover (through its agent, CSDZ) knew or should have known that the Representations were false at the time they were made and transmitted to Plaintiff.

76.    At the time CSDZ and Hanover (through its agent, CSDZ) made the Representations and transmitted them to Plaintiff, CSDZ and Hanover (through its agent, CSDZ) knew or should have known that Plaintiff would rely upon the Representations.

77.     CSDZ and Hanover (through its agent, CSDZ) made the Representations recklessly and with total disregard for the consequences to Plaintiff, who was and would be relying upon the Representations.

78.     CSDZ and Hanover (through its agent, CSDZ) made the Representations to induce Plaintiff to purchase the renewal Policy.

79.     Plaintiff relied upon the Representations.

80.     Reliance by Plaintiff on the Representations was reasonable, and Plaintiff was ignorant of the falsity of the Representations at the time it relied upon the Representations.

81.     In reliance upon the Representations, Plaintiff purchased the Policy and made all required insurance premium payments therefor.

82.     As a direct and proximate result of Plaintiff's reliance upon the Representations, Plaintiff has incurred, and continues to incur, significant damages.

83.     Plaintiff is therefore entitled to judgment against CSDZ and Hanover as set forth below in paragraph E of the Prayer for Relief.

### SIXTH CLAIM FOR RELIEF
(Fraudulent Inducement/Misrepresentation)

84.     Plaintiff realleges and incorporates the allegations set forth above as though fully set forth herein.

85.     CSDZ and Hanover (through its agent, CSDZ) made the Representations to Plaintiff.

86.     The Representations concerned a presently existing material fact, namely that the Policy would include the Prior EMC Policies' coverage Plaintiff requested of CSDZ and Hanover.

87.     The Representations were false.

88.     CSDZ and Hanover (through its agent, CSDZ) either knew the Representations to be false or, alternatively, made the Representations recklessly, knowing that there was insufficient knowledge upon which to make such a representation.

89.     CSDZ and Hanover (through its agent, CSDZ) made the Representations for the purpose of inducing Plaintiff to act upon them.

90.     Plaintiff, acting reasonably and in ignorance of the falsity of the Representations, relied upon the Representations.

91.     Plaintiff, reasonably relying upon the Representations, was induced to purchase the Policy and pay all insurance premiums therefor.

92.      As a direct and proximate result of Plaintiff's reliance upon the Representations, Plaintiff has incurred, and continues to incur, significant damages.

93.     Plaintiff is therefore entitled to judgment against CSDZ and Hanover as set forth below in paragraph F of the Prayer for Relief.

### SEVENTH CLAIM FOR RELIEF
(Breach of Duty to Procure Insurance)

94.     Plaintiff realleges and incorporates the allegations set forth above as though fully set forth herein.

14

95.     Prior to the issuance of the Policy, CSDZ had been the insurance broker for Plaintiff for several years.

96.     Specifically, CSDZ understood Plaintiff's transportation business, its insurance needs, and that Plaintiff needed to replace the coverage previously extended under the Prior EMC Policies after EMC informed Plaintiff that it would not be offering such coverage going forward.

97.     CSDZ provided assurances to Plaintiff in the Proposal and various communications with Plaintiff that CSDZ would procure the renewal Policy from Hanover and make sure to include in the Policy the coverage previously extended under the Prior EMC Policies.

98.     Based upon CSDZ's prior procurement of insurance policies for Plaintiff, CSDZ's Proposal and other communications with Plaintiff concerning the coverage to be included in the renewal Policy, and CSDZ's personal knowledge of Plaintiff's insurance needs, Plaintiff reasonably believed that CSDZ would procure the Policy and the coverage previously extended under the Prior EMC Policies.

99.     Based upon the foregoing allegations, CSDZ incurred a duty to procure the renewal Policy through Hanover and to make sure the Policy included the coverage previously extended under the Prior EMC Policies.

100.    CSDZ breached its duty to procure the renewal Policy which included the Prior EMC Policies' coverage.

101.    As a direct and proximate result of CSDZ's breach of its duty to procure the requested insurance, Plaintiff has incurred, and continues to incur, significant damages.

102.    Plaintiff is therefore entitled to judgment against CSDZ as set forth below in paragraph G of the Prayer for Relief.

### EIGHTH CLAIM FOR RELIEF
(Declaratory Judgment)

103.    Plaintiff realleges and incorporates the allegations set forth above as though fully set forth herein.

104.    A justiciable controversy exists between Plaintiff and the Defendants, including without limitation whether the Policy included the coverage previously extended under the Prior EMC Policies.

105.    The interests of Plaintiff and the Defendants are adverse to one another.

106.    Plaintiff has a legally protectible interest in the controversy, including without limitation Plaintiff has been injured and damages as a result of Hanover's denial of coverage under the Policy.

107.    The issues between Plaintiff and the Defendants are ripe for judicial determination.

108.    Plaintiff is therefore entitled to judgment as set forth below in paragraph H of the Prayer for Relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.      On its First Claim for Relief against Hanover for an amount to be proven at trial but no less than $300,000.00.

B.      On its Second Claim for Relief against Hanover for an amount to be proven at trial but no less than $300,000.00, plus punitive damages.

C.      On its Third Claim for Relief against Hanover for an amount to be proven at trial but no less than $300,000.00, plus punitive damages.

D.      On its Fourth Claim for Relief, for an order from the Court reforming the Policy to include the coverage previously extended under the Prior EMC Policies.

E.      On its Fifth Claim for Relief against CSDZ and Hanover, jointly and severally, for an amount to be proven at trial but no less than $300,000.00, plus punitive damages.

F.      On its Sixth Claim for Relief against CSDZ and Hanover, jointly and severally, for an amount to be proven at trial but no less than $300,000.00, plus punitive damages.

G.      On its Seventh Claim for Relief against CSDZ for an amount to be proven at trial but no less than $300,000.00.

H.      On its Eighth Claim for Relief for a determination by the Court that the Policy includes the coverage previously extended under the Prior EMC Policies, namely that the vehicle and cargo involved in the Incident are covered under the Policy.

I.      Plaintiff's reasonable attorney's fees and costs of court herein.

J.      For such other and further relief as the court deems just and equitable under the circumstances.

DATED this 10th day of December, 2020.

MITCHELL BARLOW & MANSFIELD, P.C.


_____/s/ Andrew V. Collins_____
Andrew V. Collins
Mitchell Barlow & Mansfield, PC
Attorneys for Plaintiff

18